# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COOL GEAR INTERNATIONAL, LLC,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>OLD NAVY, LLC<br><br>　　　　　　　　　　Defendant. | **COMPLAINT**<br><br>Civil Action No. 1:13-cv-12020<br><br>JURY TRIAL DEMANDED |

Plaintiff, Cool Gear International, LLC ("Cool Gear"), by its undersigned counsel, for its Complaint against Defendant, Old Navy, LLC ("Defendant"), alleges as follows:

**The Parties**

1.　　Plaintiff Cool Gear is a corporation organized and existing under the laws of the state of Delaware, having its principal place of business is at 10 Cordage Park Circle in Plymouth, Massachusetts, 02360.

2.　　Cool Gear is in the business of designing, manufacturing and marketing innovative green products that provide cool, clean water with the aim of eliminating plastic bottle waste.

3.　　On information and belief, Defendant Old Navy is a Delaware limited liability corporation with a principal place of business in San Francisco, California.

4.　　On information and belief, Old Navy is a national retailer in the business of operating retail stores selling apparel and accessories, including but not limited to Old Navy Ice Core Bottles (the "Accused Products"). On information and belief, Old Navy has more than two dozen retail stores within this Judicial District, including such regular places of business within

the Eastern Division of this District in the Counties of Essex, Middlesex, Plymouth, Norfolk, Bristol, Suffolk, and Barnstable.

## Nature Of Action

5. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code and arising under 35 U.S.C. §§ 271 and 281-285.

## Jurisdiction And Venue

6. Subject matter jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338(a).

7. Personal jurisdiction is proper based on Defendant's multiple regular places of business in Massachusetts and under Mass. Gen. Laws ch. 223A, § 3(a). Defendants do business in the Commonwealth of Massachusetts by marketing and selling the Accused Products in Massachusetts. Upon information and belief, Defendants have purposely availed itself to the privileges of conducting business within Massachusetts and/or have committed acts of patent infringement within the Commonwealth. Further, upon information and belief, Defendants have placed their infringing products into the stream of commerce with the expectation that they will be purchased by consumers in Massachusetts.

8. Venue is proper under 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

## The Patents in Suit

1. United States Patent No. 6,494,056 ("the '056 patent"), entitled "Method and System For Use With a Consumable Beverage," a true and correct copy of which is appended hereto as **Exhibit A**, was duly issued on December 17, 2002 to inventors Hank Roth and Donna Roth and assigned to Cool Gear.

2. Plaintiff Cool Gear has been and still is the owner through assignment of the '056 patent.

3. United States Patent No. 6,584,800 ("the '800 patent"), entitled "Method and System For

Use With a Consumable Beverage," a true and correct copy of which is appended hereto as **Exhibit B**, was duly issued on July 2, 2003 to inventors Hank Roth and Donna Roth and assigned to Cool Gear.

4. Plaintiff Cool Gear has been and still is the owner through assignment of the '800 patent.

5. United States Patent No. 7,997,099 ("the '099 patent"), entitled "Method and System For Use With a Consumable Beverage," a true and accurate copy of which is appended hereto as **Exhibit C**, was duly issued on August 16, 2011 to inventors Hank Roth and Donna Roth and assigned to Cool Gear.

6. Plaintiff Cool Gear has been and still is the owner through assignment of the '099 patent.

7. United States Patent No. 8,061,158 ("the '158 patent"), entitled "Method and System For Use With a Consumable Beverage," a true and accurate copy of which is appended hereto as **Exhibit D**, was duly issued on November 22, 2011 to inventors Hank Roth and Donna Roth and assigned to Cool Gear.

8. Plaintiff Cool Gear has been and still is the owner through assignment of the '158 patent.

9. Plaintiff Cool Gear manufactures and sells products embodying one or more claims of the '056, '800, '099, and/or '158 patents (collectively, "the Cool Gear Patents"), including the EZ-Freeze line of hydration bottles.

10. Plaintiff Cool Gear will be both substantially and irreparably harmed by infringement of any of the Cool Gear Patents. There is no adequate remedy at law.

### COUNT I
### (Infringement of the '056 Patent – 35 U.S.C. § 271)

11. Plaintiff Cool Gear repeats and incorporates herein by reference each of the foregoing as if fully set forth herein.

12. Defendants have been infringing one or more claims of the '056 patent by importing,

manufacturing, marketing, selling and/or offering for sale one or more Accused Products in the United States, including within this judicial district.

13. Defendants are on at least constructive notice of the '056 patent in that Cool Gear marked its relevant product(s) with the required statutory notice pursuant to 35 U.S.C. § 287(a).

14. By reason of the foregoing, Cool Gear has suffered, and will continue to suffer, substantial damages as a result of Defendants' infrigement of the '056 patent in an amount to be determined at the trial of this action.

15. Upon information and belief, Defendants will continue to infringe the '056 patent unless and until they are enjoined by this Court.

16. Unless Defendants are enjoined from infringing the '056 patent, Cool Gear will suffer substantial and irreparable injury.  Plaintiffs have no adequate remedy at law.

## COUNT II
### (Infringement of the '800 Patent – 35 U.S.C. § 271)

17. Plaintiff Cool Gear repeats and incorporates herein by reference each of the foregoing as if fully set forth herein.

18. Defendants have been infringing one or more claims of the '800 patent by importing, manufacturing, marketing, selling and/or offering for sale one or more Accused Products in the United States, including within this judicial district.

19. Defendants are on at least constructive notice of the '800 patent in that Cool Gear marked its relevant product(s) with the required statutory notice pursuant to 35 U.S.C. § 287(a).

20. By reason of the foregoing, Cool Gear has suffered, and will continue to suffer, substantial damages as a result of Defendants' infrigement of the '800 patent in an amount to be determined at the trial of this action.

21. Upon information and belief, Defendants will continue to infringe the '800 patent unless and until they are enjoined by this Court.

22. Unless Defendants are enjoined from infringing the '800 patent, Cool Gear will suffer substantial and irreparable injury. Plaintiffs have no adequate remedy at law.

## COUNT III
### (Infringement of the '099 Patent – 35 U.S.C. § 271)

23. Plaintiff Cool Gear repeats and incorporates herein by reference each of the foregoing as if fully set forth herein.

24. Defendants have been infringing, contributing to and/or actively and intentionally inducing infringement of one or more claims of the '099 patent by importing, manufacturing, marketing, selling and/or offering for sale one or more Accused Products in the United States, including within this judicial district.

25. By reason of the foregoing, Cool Gear has suffered, and will continue to suffer, substantial damages as a result of Defendants' infringement of the '099 patent in an amount to be determined at the trial of this action.

26. Upon information and belief, Defendants will continue to infringe the '099 patent unless and until they are enjoined by this Court.

27. Unless Defendants are enjoined from infringing the '099 patent, Cool Gear will suffer substantial and irreparable injury. Plaintiffs have no adequate remedy at law.

## COUNT IV
### (Infringement of the '158 Patent – 35 U.S.C. § 271)

28. Plaintiff Cool Gear repeats and incorporates herein by reference each of the foregoing as if fully set forth herein.

29. Defendants have been infringing, contributing to and/or actively and intentionally

inducing infringement of one or more claims of the '158 patent by importing, manufacturing, marketing, selling and/or offering for sale one or more Accused Products in the United States, including within this judicial district.

30.     By reason of the foregoing, Cool Gear has suffered, and will continue to suffer, substantial damages as a result of Defendants' infringement of the '158 patent in an amount to be determined at the trial of this action.

31.     Upon information and belief, Defendants will continue to infringe the '158 patent unless and until they are enjoined by this Court.

32.     Unless Defendants are enjoined from infringing the '158 patent, Cool Gear will suffer substantial and irreparable injury.  Plaintiffs have no adequate remedy at law.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests the following relief:

(a)     Judgment that Defendants have infringed one or more claims of the '056, '800, '099, and '158 patents;

(b)     Judgment for an award of compensatory damages in an amount to be determined at a trial of this action;

(c)     Judgment requiring that Defendants account for and pay over to Plaintiff all profits obtained by Defendants as a result of Defendants' infringement;

(d)     An Order requiring Defendants to surrender for destruction or other disposition, at the election of the Plaintiff, of the manufacturing tooling, materials, prints, specifications, drawings, molds, extrusions, dies, castings, prototypes, computer programs, manuals, programs, models, all components and assemblies in all states, and any and all inventory of articles that infringe the '056, '800, '099, and '158 patents.

(e) An Order preliminarily and permanently restraining and enjoining against any infringement by Defendants, their officers, agents, attorneys, or employees, or those acting in privity or concert with them, of the '056, '800, '099, and '158 patents through the commercial manufacture, use, sale, offer for sale or importation into the United States of any products which infringe the '056, '800, '099, and '158 patents;

(f) Attorneys' fees in this action under 35 U.S.C. § 285;

(g) Such further and other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by Jury on all issues so triable.

Respectfully submitted,
COOL GEAR INTERNATIONAL, LLC,
By its Attorneys,

/s/ Adam P. Samansky
Adam P. Samansky (MA Bar No. 661123)
Peter J. Cuomo (MA Bar No. 661368)
EDWARDS WILDMAN PALMER LLP
111 Huntington Avenue
Boston, MA  02199-7613
Telephone: 617.239.0100
Facsimile: 617.227.4420
asamansky@edwardswildman.com
pcuomo@edwardswildman.com

Dated: August 22, 2013

AM 22245741.2